UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 17-12388-RGS

OSHEA M. POPESCU

v.

JONATHAN SHUBOW

ORDER

January 22, 2018

STEARNS, D.J.

For the reasons stated below, the court (1) allows the plaintiff's motion to file an amended complaint; and (2) directs the plaintiff to complete service.

I. BACKGROUND

On December 4, 2017, *pro se* litigant Oshea Popescu, who resides in North Carolina, commenced this action against Jonathan Shubow, a Massachusetts resident. Popescu paid the filing fee, and a summons issued the day the after the complaint was filed.

On January 9, 2018, Popescu filed a request for a notice of default, representing that more than twenty-one days had expired since the complaint had been filed and that the defendant had failed to answer. In

response to that request, the court entered an order stating that Popescu had failed to file proof of service.

On January 19, 2018, Popescu filed a motion to amend her complaint. She also states therein that she was under the "wrong impression" that service would be executed by the United States Marshals Service ("USMS").

## II. Discussion

### A. Motion to Amend

Because Popescu may amend her complaint as matter of right, *see* Fed. R. Civ. P. (a)(1) (providing that a party may amend its pleading once as a matter of course within a given time frame), the court will grant the motion to amend her complaint. The Clerk shall docket the proposed amended complaint as the amended complaint.[1]

### B. Service of Summons

It is not the practice of this court to order the USMS to complete service of summons in an action brought by a *pro se* plaintiff who has paid the filing fee. Where the court authorizes a plaintiff to proceed *in forma pauperis*, the court must also order that "service be made by a United

---

[1] In future filings, Popescu should ensure that the captions of her documents reflect that this action is proceeding in federal court. In the headings, should replace "Commonwealth of Massachusetts" with "United States District Court for the District of Massachusetts." References to "Superior Court" and "Suffolk, SS" are to be deleted; the case caption should contain "Civil Action No. 17—12388-RGS."

2

States marshal or deputy marshal or by a person specially appointed by the court," even if the party is represented by counsel. Fed. R. Civ. P. (c)(e). In some circumstances, especially in cases with numerous defendants, a plaintiff is able to pay the filing fee but cannot afford to pay the cost of service. Any such plaintiff may file a motion for leave to proceed *in forma pauperis*, notwithstanding that she or he has paid the filing fee, and ask that the Court order the USMS to complete service, with all costs of service to be advanced by the United States.

Here, there is no basis for the court to order service by the USMS. Popescu paid the filing fee and has not asked for an order requiring the USMS to complete service. In addition, the court does not have any information about her financial situation. *See* 28 U.S.C. § 1915(a) (providing that person seeking leave to proceed without prepayment of fees and costs must file an affidavit that includes a statement of "all assets" of the applicant). Further, there is only one defendant in this action. Finally, Popescu may try to avoid paying the filing fee by asking the defendant to waive service of the summons. *See* Fed. R. Civ. P. 4(d).[2]

---

[2] The forms for seeking a waiver of service of summons (Notice of Lawsuit and Request for Waiver of Service of Summons) and for seeking *in forma pauperis* (Application to Proceed in District Court Without Prepaying Fees or Costs) status may be found on the court's web site: http://www.mad.uscourts.gov/general/prose-litigants.htm.

Unless Popescu obtains a waiver of service from the defendant, she is responsible for arranging service of the summons and the complaint on the defendant in accordance with Rule 4 of the Federal Rules of Civil Procedure:

> **(e) Serving an Individual Within a Judicial District of the United States.** Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:
>
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[3]; or
>
> (2) doing any of the following:
>
> (A) delivering a copy of the summons and of the complaint to the individual personally;
>
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

---

[3] Under Rule 4 of the Massachusetts Rules of Civil Procedure, service can be made

> [u]pon an individual by delivering a copy of the summons and of the complaint to him personally; or by leaving copies thereof at his last and usual place of abode; or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by statute to receive service of process, provided that any further notice required by such statute be given.

Mass. R. Civ. P. 4(d)(1).

>　　　(C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). Service may be completed by "[a]ny person who is at least 18 years old and not a party." Fed. R. Civ. P. (c)(2).

## III. CONCLUSION

Accordingly:

1.　The motion to amend is GRANTED. The Clerk shall docket the proposed amended complaint as the amended complaint.

2.　The Clerk shall reissue the summons.

3.　Unless Popescu timely obtains a waiver of service from the defendant, service must be completed no later Monday, March 5, 2018. Proof of service or of a waiver must be promptly filed once service is complete or the waiver is received. Unless the court enlarges the time to complete service, *see* Fed. R. Civ. P. 4(m), failure to complete service by this deadline may result in dismissal of this action without prejudice, *see id.*, *Local Rule 4.1.*

**SO ORDERED.**

/s/ Richard G. Stearns
_____
UNITED STATES DISTRICT JUDGE